ORIGINAL  51115-FL

9

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DAVID PORTER, SCOTT SUTTER
and BETHANY WHALEY,

        Plaintiffs,

V

CITY OF FLINT and DONALD WILLIAMSON,
individually,

        Defendants.

CIVIL ACTION NO. *07-14507*

HON. *Cohn*
MAG. *Majzovib*

---

LAW OFFICE OF GLEN N. LENHOFF
BY:   GLEN N. LENHOFF (P32610)
      MICHAEL E. FREIFELD (P48198)
Attorney for Plaintiffs
328 South Saginaw Street
8th Floor, North Building
Flint, Michigan 48502
(810)235-5660

FILED
2007 OCT 23 A 10 12
U.S. DIST. COURT CLERK
EAST DIST. MICH.
FLINT

---

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action between the
parties arising out of the same transaction or occurrence as
alleged in this Complaint.

**NOW COME** Plaintiffs, David Porter, Scott Sutter and Bethany Whaley, by

and through their attorney, the Law Office of Glen N. Lenhoff, and hereby

complain of Defendants, City of Flint and Donald Williamson, as follows.

### PARTIES AND JURISDICTION

1.    Plaintiffs, David Porter, Scott Sutter and Bethany Whaley

(hereinafter "Plaintiffs"), are residents of the County of Genesee, State of

Michigan. Furthermore, all three were Captains in the Flint Police Department at

all times pertinent to this lawsuit.

LAW OFFICE OF
GLEN N. LENHOFF
328 S. SAGINAW ST.
8TH FLOOR, NORTH BUILDING
FLINT, MICHIGAN 48502
PH. (810) 235-5660
FAX (810) 235-5641

2.     At all pertinent times to this lawsuit, Defendant City of Flint (hereinafter "Defendant Flint") was a municipal corporation located in the State of Michigan.  Defendant Flint is located in the Eastern Judicial District of Michigan.

3.     Defendant Donald Williamson (hereinafter "Defendant Williamson") is a resident of the County of Genesee, within the Eastern Judicial District of Michigan.

4.     Defendant Williamson was the Mayor of Defendant Flint at all times pertinent to this lawsuit.  Defendant Williamson is being sued in this case in his individual capacity.

5.     In light of the foregoing, venue is proper in the United States District Court for the Eastern District of Michigan under 28 USC §1392(c).

6.     This Court has subject matter jurisdiction over this case based on federal question jurisdiction, which is codified in 28 USC §1331 as well as 42 USC §1343, because this is a 42 USC §1983 case.

## GENERAL ALLEGATIONS

7.     Plaintiffs hold the rank of Captain with Defendant Flint's police department.

8.     Plaintiffs have performed their duties with Defendant Flint's police department in a diligent and effective manner.

9.     Plaintiffs are all Caucasian.

10.    On or about October 26, 2006, Defendant Williamson, City of Flint Police Chief Gary Hagler, and leaders of the Flint NAACP, the African American Police League and the Flint Police Officers Association met to discuss on-going

LAW OFFICE OF
GLEN N. LENHOFF
328 S. SAGINAW ST.
8TH FLOOR, NORTH BUILDING
FLINT, MICHIGAN 48502

PH. (810) 235-5660
FAX (810) 235-5641

2

labor issues within the Defendant Flint's police department.

11.    As a result of that meeting, a memorandum of understanding was agreed to between the parties.

12.    As part of the memorandum of understanding, Defendant Williamson agreed to change the promotional process within Defendant Flint's police department to promote cultural diversity.

13.    On November 9, 2006, Defendant Williamson and others announced the terms and conditions of the memorandum of understanding at a news conference at the Flint NAACP offices.

14.    On November 9, 2006, during an interview with ABC 12 news reporter Dawn Jones, Terry Neeley (President of the African American Police League) stated that the discussion with Defendant Williamson concerning the memorandum of agreement revolved around increasing diversity on Defendant Flint's police department.

15.    Specifically, Neeley stated that the discussions involved hiring more African-Americans into the police department, promoting more African-Americans into the higher command structure of Defendant Flint's police department, and to change the testing process for promotions.

16.    On December 1, 2006, Defendant Williamson announced the creation of the Citizens Service Bureau.  As a result, five new positions were created in Defendant Flint's police department: one "Major" and four "Inspector" positions were created.

LAW OFFICE OF
**GLEN N. LENHOFF**
328 S. SAGINAW ST.
8TH FLOOR, NORTH BUILDING
FLINT, MICHIGAN 48502

PH. (810) 235-5660
FAX (810) 235-5641

17.     According to the job descriptions released by Defendant Flint, the Inspector positions on the Citizens Service Bureau are to supervise some police and civilian personnel.  The minimum entrance requirements for these positions are: (1) knowledge of modern police administrative methods, organization and procedure; (2) knowledge of police training and principles and methods; (3) ability to interpret departmental procedures, rules and regulations, and polices; and (4) ability to plan, assign, supervise and review varied police work.

18.     According to the job descriptions released by Defendant Flint, the Major position on the Citizens Service Bureau is to supervise the Inspectors.  The minimum entrance requirements for this position are: (1) knowledge of modern police administrative methods, organization and procedure; (2) knowledge of police training and principles and methods; (3) ability to interpret departmental procedures, rules and regulations, and polices; and (4) ability to plan, assign, supervise and review varied police work.

19.     The wage rate for the Major and Inspector positions is higher than the wage rate for Captains and Lieutenants.

20.     On December 2, 2006, in an article in The Flint Journal, Defendant Williamson announced that he selected four black males and one white female to be on the Citizens Service Bureau.  All of the candidates were selected from the Police Officer ranks.

21.     The four African-American Officers selected for these positions were chosen because Defendant Williamson was attempting to deflect criticism from the African-American Police League concerning the lack of black officers in

LAW OFFICE OF
GLEN N. LENHOFF
328 S. SAGINAW ST.
8TH FLOOR, NORTH BUILDING
FLINT, MICHIGAN 48502

PH. (810) 235-5660
FAX (810) 235-5641

4

command positions within the Police Department and Defendant Williamson was trying to curry favor from Flint's African-American community in the upcoming 2007 mayoral elections.

22.     The Major and Inspector positions were never posted so that other members of the City of Flint Police Department could apply for these jobs.  No testing procedure was used to fill these positions.  In fact, none of the traditional procedures used to fill these positions were utilized.

23.     If Plaintiffs would have known about the openings for these positions, Plaintiffs would have applied for these positions, as Plaintiffs were qualified for these positions.

24.     On December 6, 2006, Defendant Williamson announced the individuals who were selected for the Citizen Service Bureau positions.

25.     John Kehey, an African-American Male, was selected as Major of the Citizens Service Bureau.  Plaintiffs were more qualified than Kehey for the Major position.

26.     Connie Johnson, a white female, and David Dicks, Jermaine Reese, and Ralph Tedford, three African-American males, were selected for the Inspector positions on the Citizen Service Bureau.  Plaintiffs were more qualified than all of these individuals for the Inspector positions.

27.     Plaintiffs' race was a factor taken into account and applied to Plaintiffs' detriment in the selection process for the members of the Citizens Service Bureau in December 2006.

LAW OFFICE OF
GLEN N. LENHOFF
328 S. SAGINAW ST.
8TH FLOOR, NORTH BUILDING
FLINT, MICHIGAN 48502

PH. (810) 235-5660
FAX (810) 235-5641

28.     Plaintiffs have suffered mental anguish and economic loss as a result of the said hiring denials.  Plaintiffs will also seek punitive damages against Defendant Williamson.

### COUNT I.  ELLIOTT-LARSEN MCLA §37.2202 RACIAL DISCRIMINATION CLAIM AGAINST DEFENDANTS WITH RESPECT TO THE DECEMBER 2006 HIRING DENIAL OF PLAINTIFFS TO THE MAJOR AND INSPECTOR POSITIONS ON THE CITIZEN SERVICE BUREAU

29.     Plaintiffs hereby reallege and incorporate by reference the preceding paragraphs.

30.     The said hiring denial to the Major and Inspector positions on the Citizens Service Bureau in December 2006 was an act of racial discrimination committed by Defendants against Plaintiffs.

31.     Such racial discrimination is violative of the Michigan statute known as the Elliott-Larsen Civil Rights Act as stated in MCLA §37.2202.

32.     Therefore, Plaintiffs hereby assert a MCLA §37.2202 racial discrimination claim against Defendants.

### COUNT II.  42 U.S.C. §1983 CLAIM AGAINST DEFENDANT WILLIAMSON WITH RESPECT TO THE DECEMBER 2006 HIRING DENIAL OF PLAINTIFFS TO THE MAJOR AND INSPECTOR POSITIONS ON THE CITIZEN SERVICE BUREAU

33.     Plaintiffs hereby reallege and incorporate by reference the preceding paragraphs.

34.     Defendant Williamson acted under color of law with respect to the said December 2006 hiring denial of Plaintiffs to the Major and Inspector positions on the Citizens Service Bureau.

LAW OFFICE OF
**GLEN N. LENHOFF**
328 S. SAGINAW ST.
8TH FLOOR, NORTH BUILDING
FLINT, MICHIGAN 48502

PH. (810) 235-5660
FAX (810) 235-5641

6

35.     Defendant Williamson denied Plaintiffs the said Major and Inspector positions on the Citizens Service Bureau, in substantial part, because of Plaintiffs' race.

36.     Thus, Defendant Williamson violated Plaintiffs' rights under the equal protection clause of the United States Constitution.

37.     Therefore, Plaintiffs assert a 42 USC §1983 racial discrimination claim against Defendant Williamson.

WHEREFORE, Plaintiff prays for Judgment against Defendants for damages as the Jury deems just, together with costs and interest. The said damages should include all damages allowed by law, including compensatory damages, punitive damages and attorney fees under 42 USC §1988.

### RELIANCE UPON JURY DEMAND

Plaintiff hereby demands a jury under Rule 38 of the Federal Rules of Civil Procedure.

Dated: 10/22/07

GLEN N. LENHOFF  (P32610)
Law Office of Glen N. Lenhoff
Attorney for Plaintiffs

Dated: 10/22/07

MICHAEL E. FREIFELD  (P48198)
Law Office of Glen N. Lenhoff
Attorney for Plaintiffs

G:/clients/fpd -- captains/complaint

LAW OFFICE OF
**GLEN N. LENHOFF**
328 S. SAGINAW ST.
8TH FLOOR, NORTH BUILDING
FLINT, MICHIGAN 48502
PH. (810) 235-5660
FAX (810) 235-5641

JS 44
(Rev. 3/99)

## ORIGINAL   CIVIL COVER SHEET   AVERN COHN

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

DAVID PORTER, SCOTT SUTTER AND
BETHANY WHALEY

### DEFENDANTS   MONA K. MAJZOUB

CITY OF FLINT AND DONALD WILLIAMSON,
individually

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Genesee
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Genesee
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

LAW OFFICE OF GLEN N. LENHOFF
328 South Saginaw Street, 8-North
Flint, MI   48502, (810)235-5660

ATTORNEYS (IF KNOWN)

## 07-14507

### II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)   AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability    ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander    ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine    **PERSONAL PROPERTY** | Safety/Health | | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product    ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability    ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability    ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury    Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting    ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment    Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/    **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | or Defendant) | Under Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations    ☐ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS — Third Party | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare    ☐ 535 Death Penalty | Security Act | 26 USC 7609 | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights    ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

### V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

### VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is a 42 USC Section 1983 employment discrimination case.

### VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 75,000+

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

### VIII. RELATED CASE(S) (See Instructions):
IF ANY
JUDGE _____   DOCKET NUMBER _____

DATE
10/23/07

SIGNATURE OF ATTORNEY OF RECORD
Glen N. JM

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# PURSUANT TO LOCAL RULE 83.11

1.  Is this a case that has been previously discontinued or dismissed?      ☐ YES   ☑ NO

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2.  Other than stated above, are there any pending or previously discontinued
    or dismissed companion cases in this or any other court, including state
    court?  (Companion cases are matters in which it appears substantially
    similar evidence will be offered or the same or related parties are present
    and the cases arise out of the same transaction or occurrence.)      ☐ YES   ☑ NO

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

**NOTES:** _____