UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID PORTER et al.,

    Plaintiffs,

-vs-

CITY OF FLINT

    and

DONALD WILLIAMSON,

    Defendants.
                                                /

Case No. 07-14507
HON. AVERN COHN

**MEMORANDUM AND ORDER DENYING DEFENDANTS'
JOINT MOTION FOR PARTIAL RECONSIDERATION OF
ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

### I. INTRODUCTION

This is a racial discrimination case under Michigan's Elliott-Larsen Civil Rights Act (ELCRA), M.C.L. § 37.2202, and the Civil Rights Act, 42. U.S.C. § 1983. Forty-five white police officers (collectively plaintiffs) complain that the City of Flint and Mayor Donald Williamson (Williamson) (collectively defendants) unlawfully discriminated against them when Williamson personally selected officers on the basis of race to serve on a newly formed Citizens' Service Bureau (CSB). At the time of the events in question, 16 plaintiffs held the rank of Patrol Officer, 19 the rank of Sergeant, seven the rank of Lieutenant, and three the rank of Captain.

The Court denied (Doc. 44) defendants' joint motion for summary judgment (Doc. 34). Now before the Court is a motion styled Defendants' Joint Motion for Partial

Reconsideration of May 19, 2009 Order Denying Defendants' Motion for Summary Judgment.  Plaintiffs have responded and defendants have replied.  For the reasons that follow, the motion is DENIED.

## II.  FACTS

The facts are stated in the Memorandum and Order Denying Defendants' Motion for Summary Judgment.

## III.  LEGAL STANDARD

Generally, the Court does not grant a motion for reconsideration that merely raises the same issues already ruled on by the Court expressly or by reasonable implication.  L.R. 7.1(g)(3).  The moving party must show that (1) a palpable defect has misled the court and (2) correcting the defect will result in a different disposition.  Id.

## IV.  ANALYSIS

### A.  Non-Patrol Officers

Defendants urge the Court to dismiss as plaintiffs the 29 non-patrol officers, identified in the motion for summary judgment, on the ground that Williamson's intent was to choose only patrol officers for the five positions on the CSB.  Evidence exists to support defendants' assertion; however, probative evidence, as cited in the order denying summary judgment, also exists to support plaintiffs' position that Williamson considered non-patrol officers as well.  It is for the jury, not the Court, to weigh the evidence.

## B.  Qualified Immunity

Defendants raise the defense of qualified immunity for the first time.  They say Williamson is entitled to qualified immunity with regard to the 29 non-patrol officers because he eliminated them from consideration in a good-faith belief that patrol officers were better suited for the CSB positions.  As explained above, evidence to support both parties' positions exists.

Defendants also say that, even assuming the patrol officer selections resulted from racial balancing, Williamson should enjoy qualified immunity because he reasonably relied on the advice of the City's Human Resources director to keep diversity in mind when he made his selections.   As the Court explained in its order, the evidence raises a genuine question of material fact as to whether Williamson went beyond keeping diversity in mind when he chose to "pick as equal as we could black to whites."  Defendants say this decision was not objectively unreasonable.  See Tucker v. City of Richmond, Ky., 388 F.3d 216, 219 (6th Cir. 2004).  The Court disagrees.  As plaintiffs point out, Williamson was on notice that absent a compelling state interest racial quotas are not permitted—from a Sixth Circuit case involving his own police department.[1]  See Middleton v. City of Flint, 92 F.3d 396, 400, 413 (6th Cir. 1996) (rejecting 1:1 racial ratio for promotions to sergeant).

---

[1] Defendants have never asserted a compelling state interest as grounds for creation of the CSB or for Williamson's stated goal to choose its members equally from the races.

## V. CONCLUSION

For the reasons stated above, defendants' motion for partial reconsideration has been denied.

SO ORDERED.

                         s/ Avern Cohn
                         AVERN COHN
                         UNITED STATES DISTRICT JUDGE

Dated:  July 9, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 9, 2009, by electronic and/or ordinary mail.

                         s/ Julie Owens
                         Case Manager, (313) 234-5160