UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID PORTER et al.,

    Plaintiffs,

                                                              Case No. 07-14507

-vs-                                               HON. AVERN COHN

CITY OF FLINT

    and

DONALD WILLIAMSON,

    Defendants.

_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISQUALIFY ARBITRATOR THOMAS WAUN

### I. INTRODUCTION

This is a racial discrimination case under Michigan's Elliott-Larsen Civil Rights Act, M.C.L. § 37.2202, and the Civil Rights Act, 42. U.S.C. § 1983. Forty-five white police officers complain that the City of Flint and Mayor Donald Williamson (Williamson) unlawfully discriminated against them when Williamson personally selected officers on the basis of race to serve on a newly formed Citizens' Service Bureau (CSB). At the time of the events in question, 16 plaintiffs held the rank of Patrol Officer, 19 the rank of Sergeant, seven the rank of Lieutenant, and three the rank of Captain.

The Court denied defendants' joint motion for summary judgment (Doc. 44) and defendants' joint motion for partial reconsideration. (Doc. 54). On May 11, 2009, the parties agreed to consolidated arbitration. (Doc. 77). The Court entered an order staying the consolidated civil actions during arbitration. (Doc. 71). Pursuant to the order, during

the stay the Court retained jurisdiction for the limited purpose of enforcing orders or subpoenas, and to enforce the panel's award, if any, with respect to these consolidated civil actions. The arbitration is governed by the Federal Arbitration Act, 9 U.S.C. § 1, et seq (FAA).

Now before the Court is Defendant Williamson's Motion to Disqualify Arbitrator Thomas Waun. Plaintiffs have responded and defendant has replied. For the reasons that follow, the motion is GRANTED.

## II. FACTS

The facts are taken from the parties' pleadings and exhibits.

### A.

This case arises out of a reverse discrimination claim, alleging that Williamson discriminated based on race when he created the CSB. Alleged victims filed claims in both state and federal court. After a state court plaintiff was awarded a $131,000 jury verdict, the parties reached an arbitration agreement. (Doc. 77). The consolidated actions before this Court are stayed pending arbitration. (Doc. 71). The selected arbitration panel consists of Former Oakland County Circuit Court Judge Barry Howard and Attorneys Tom Cranmer and Tom Waun.

### B.

The Arbitration Agreement was signed on December 11, 2009, by all parties. Pertinent provisions include:

> The arbitrators shall be requested to disclose in writing to all Parties or their representatives all connections or relationships they may have or have had with any Party and any representative or attorney of a Party and all other

facts or matters that might bear or appear to a reasonable person to bear on his/her ability to decide impartially the matters to be submitted to him/her.

The arbitrators shall sign an oath confirming that he or she knows of no matter that would prevent him or her from deciding the submitted matters impartially.

(Doc. 77 p. 5).

## C.

On May 12, 2010, Waun, as plaintiff's counsel, filed a lawsuit against Patsy Lou Buick-GMC-Chevrolet in Genesee County (the Manley case), alleging unlawful sales practices at the dealership. (Doc. 77-3). Particularly, the complaint alleges that defendants targeted elderly and African American customers in a "packing the payment" scheme, designed to allow the dealership to make a larger profit on each deal. Williamson, the husband of the dealership's owner, is a named defendant in the lawsuit. He is described in the complaint as serving the dealership in a "high management position," and as being involved in the complained of activities to the extent that he was advised of the unlawful behavior and took no action.

On May 20, 2010, the Flint News quoted Waun commenting on Williamson's involvement in the case. (Doc. 77-4). Waun stated that "[Williamson] was the 'Buck stops here' guy."

## III. LEGAL STANDARD

This dispute is governed by the FAA, under which:

[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, <u>save upon such grounds as exist at law or in equity for the revocation of any contract</u>.

3

9 U.S.C. § 2 (emphasis added).

To invalidate an arbitrator's award on the grounds of bias, the Sixth Circuit has held that "the challenging party must show that a reasonable person would have to conclude that an arbitrator was partial." Apperson v. Fleet Carrier Corp., 879 F.2d 1344, 1358 (6th Cir. 1989) (internal citations omitted).

Related to pre-award disputes, "[a] district court does not have jurisdiction over disputes involving allegations of bias until after the arbitration proceedings have come to a close and the party claiming bias has received an award." Vestax Sec. Corp. v. Desmond, 919 F.Supp. 1061, 1075 (E.D. Mich. 1995); see also Aviall, Inc. v. Ryder Sys., Inc., 110 F.3d 892, 895 (2d Cir. 1997). In other words, "an agreement to arbitrate before a particular arbitrator may not be disturbed." Aviall, 110 F.3d at 895.

However, a court may intervene if the agreement is "subject to attack under general contract principles 'as exist at law or in equity.'" Id. (quoting 9 U.S.C. § 2). Particularly, there is an exception "where, prior to the commencement of any arbitration proceedings, the plaintiff alleged specific instances of actual misconduct on the part of an arbitrator." Vestax, 919 F.Supp. at 1075 (citing Metro. Prop. & Cas. v. J.C. Penney Cas., 780 F.Supp. 885, 893-94 (D. Conn. 1991) (court found exception where allegations of bias concerned ex parte discussions on the merits of the claim prior to being selected on the arbitration panel).

Particularly, the "touchstone" determination in deciding whether a court has authority to remove an arbitrator before arbitration proceedings have ended is where "the arbitrator's relationship to one party [is] undisclosed, or unanticipated and unintended, thereby invalidating the contract." Aviall, 110 F.3d at 896 (discussing cases where arbitration

agreement not enforceable because agreement's "neutral expert" provision was frustrated and where arbitrators were removed because they concealed business and attorney-client relationships).

## IV. ANALYSIS

In essence, this matter comes down to whether Waun violated the terms of the Arbitration Agreement by representing Manley in the case against Williamson and speaking to the press about his views on Williamson's involvement.

Williamson says that this case falls under the exception recognized in Vestak and Aviall because, by representing Manley and speaking to the press, Waun breached the Arbitration Agreement's provision that Waun must disclose any relationship that "might bear or appear to a reasonable person to bear on his/her ability to decide impartially the matters to be submitted to him/her."

Waun says that this Court, under Vestex, Availl, and the FAA, does not have authority to disqualify an arbitrator, not recognizing an exception. Waun further states that even if the Court has authority, Waun's conduct does not warrant removal because this case and the Manley case are unrelated on the merits. Thus, Waun says that under the Sixth Circuit's post-award standard, a reasonable person would not find an appearance of bias here.

The Court agrees with Williamson that Waun breached the terms of the Arbitration Agreement. Waun filed a case that involved Williamson as a named party and then proceeded to talk about it to the press. This was after Waun signed an Arbitration Agreement requiring that he disclose in writing any connections or relationships that may give an appearance of impartiality to a reasonable person. Implicit in this obligation is the

5

fact that if there is appearance of partiality he is not eligible to continue as an arbitrator. Waun did not make this disclosure. Waun violated the Arbitration Agreement. Further, the Court disagrees with Waun's assertion that the two matters are unrelated. Both cases allege discriminatory acts by Williamson and, thus, bear on Waun's ability to be impartial as an arbitrator, particularly, on a matter that has not yet reached the evidentiary phase.

Waun should not have undertaken the Manley case and, at the least, should have disclosed the representation to allow the parties the opportunity to object. Because a reasonable person could conclude that Waun was partial based on his involvement and conduct in the Manley case, Waun must be disqualified.

Accordingly, under the limited exception recognized in Vestex and Aviall, which is consistent with the language of the FAA, the Court disqualifies Waun as an arbitrator on the consolidated actions. To delay consideration of removal until arbitration is complete would exalt form over substance. Moreover, with Waun as an arbitrator the arbitration is proceeding under a cloud.

SO ORDERED.

Dated: September 8, 2010
    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 8, 2010, by electronic and/or ordinary mail.

    S/Shawntel Jackson
    Relief Case Manager, (313) 234-5160